**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**DEBORAH L. SHELTON,**

**Plaintiff,**

**v.**

**CAROLYN W. COLVIN,[1]**
**Acting Commissioner of Social Security,**

**Defendant.**

**CIVIL ACTION**

**No. 12-1091-JWL**

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security disability benefits (SSD) and Supplemental Security income (SSI) under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the Commissioner's final decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REVERSING that decision and REMANDING for further proceedings.

## I. Background

[1]On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Plaintiff applied for SSD and SSI on June 18, 2009, alleging disability beginning October 27, 2008. (R. 10, 125-37).[2] The applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge (ALJ). (R. 10, 47-48, 53-62, 66-77). Plaintiff's request was granted, and Plaintiff appeared with counsel for a hearing before ALJ Michael D. Shilling on March 8, 2011. (R. 10, 27-28). At the hearing, testimony was taken from Plaintiff and from a vocational expert. (R. 10, 27-46).

ALJ Shilling issued a decision on April 6, 2011[3] in which he dismissed the appeal of Plaintiff's SSI application because of excess resources and denied her SSD application. (R. 10, 21). Plaintiff does not allege error in the dismissal of her SSI appeal, and the court will consider it no further. The ALJ determined that although Plaintiff has established that she is unable to perform her past relevant work, jobs exist in the national economy in significant numbers which Plaintiff is able to perform, and she is not disabled within the meaning of the Act. (R. 10-20). Therefore, he denied her application for SSD benefits. (R. 21). Plaintiff requested Appeals Council review of the ALJ's decision and provided a brief expressing the reasons she believed the decision is not supported by

---

[2]The applications state that Plaintiff applied on July 27, 2009, but the ALJ and both parties assert that application was made on June 18, 2009. Compare (R. 125, 134) with (R. 10); (Pl. Br. 1); (Comm'r Br. 2). This issue may be decided, if necessary, on remand.

[3]Because the Commissioner's decision in this case was issued on April 6, 2011, all citations to the Code of Federal Regulations in this opinion refer to the 2011 edition of 20 C.F.R. Parts 400 to 499, revised as of April 1, 2011, unless otherwise indicated.

substantial evidence. (R. 122-24). The Council made Plaintiff's brief a part of the administrative record and considered it, but determined that it did not provide a basis for changing the ALJ's decision, found no reason under the rules of the Social Security Administration (SSA) to review the decision, and denied Plaintiff's request for review. (R. 1-5). Therefore, the ALJ's decision is the final decision of the Commissioner. (R. 1); Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006). Plaintiff now seeks judicial review of that decision. (Doc. 1).

## II. Legal Standard

The court's jurisdiction and review are guided by the Act. Weinberger v. Salfi, 422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)); Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (same); Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, 1307 (10th Cir. 1998) (sole jurisdictional basis in social security cases is 42 U.S.C. § 405(g)). Section 405(g) of the Act provides for review of a final decision of the Commissioner made after a hearing in which the Plaintiff was a party. It also provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Wall, 561 F.3d at

1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in any substantial gainful activity, and which is expected to result in death or to last for a continuous period of at least twelve months. Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting identical definitions of a disabled individual from both 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A)); accord, Lax, 489 F.3d at 1084 (citing 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)). The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy. 42 U.S.C. § 423(d)(2)(A).

The Commissioner uses a five-step sequential process to evaluate disability. 20 C.F.R. § 404.1520 (2011); Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be

made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process--determining whether claimant can perform past relevant work; and whether, considering vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. Blea, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show there are jobs in the economy within Plaintiff's RFC. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff presents two issues for the court's consideration, (1) whether the ALJ properly accorded "significant weight" to the medical (psychological) opinion of a non-examining state agency psychologist, Dr. Adams, who did not address the opinion of a

non-treating psychologist, Dr. Hough (that because of physical pain Plaintiff cannot sustain adequate concentration for simple unskilled work), and (2) whether the ALJ properly discounted the medical (psychological) opinion of Dr. Hough on the basis that the limitations contained therein were related to physical pain and not to mental issues. (Pl. Br. 1). The Commissioner argues that the ALJ accorded proper weight to the opinions of both Dr. Adams and Dr. Hough. In considering issue number two, the court finds that the ALJ erred in determining that Dr. Hough's opinion does not address mental issues and is outside of his area of expertise.

Because no treating source opinion was given controlling weight, all of the medical opinions must be weighed based upon evaluation of the regulatory factors for weighing medical opinions. Therefore the court finds that remand is necessary for the Commissioner to properly evaluate Dr. Hough's opinion and then to assess the relative weight to be accorded to each medical opinion in accordance with the correct legal standard. Plaintiff may make her arguments regarding the facts and factors relevant to such relative weighing before the Commissioner on remand.

## III. Discussion

Plaintiff's Brief is not particularly well-organized, and she makes arguments related to the ALJ's evaluation of Dr. Hough's opinion both in the section of her brief where she asserts error in weighing Dr. Adams's opinion and in the section of her brief where she asserts error in the RFC assessment resulting from erroneously discounting Dr. Hough's opinion. Plaintiff notes that the ALJ recognized Dr. Hough's opinion that

Plaintiff cannot sustain adequate concentration for simple unskilled work, but argues that "he quickly dismissed the opinion as being related to Shelton's self reported pain and not [to] mental issues." (Pl. Br. 12) (citing R. 17). Plaintiff argues that the ALJ found that Plaintiff has degenerative disc disease, an impairment which could reasonably be expected to produce the pain alleged by Plaintiff, that Dr. Hough took into account that pain and opined that Plaintiff cannot sustain adequate concentration for simple unskilled work, and that it was error for the ALJ to discount Dr. Hough's opinion merely because it was based on "self-reported physical pain and not mental issues." (Pl. Br. 13-14) (quoting, without citation R. 17). She argues that both Dr. Wilkinson and Dr. Hough are psychologists who examined Plaintiff and provided opinions regarding the nature and severity of her impairments and her limitations, but that Dr. Hough's examination was the most recent examination and, for that reason, it should have been given greater weight than the opinion of Dr. Wilkinson. (Pl. Br. 15-16).

The Commissioner argues that the ALJ properly weighed Dr. Hough's opinion. She argues that "Dr. Hough plainly and repeatedly attributed Plaintiff's functional restrictions to physical pain," and that "[a]s a psychologist, Dr. Hough was not qualified to render an opinion concerning Plaintiff's physical limitations." (Comm'r Br. 8). She also argues that Dr. Hough relied on erroneous statements made by Plaintiff and that Dr. Hough is a non-treating physician whose findings the Tenth Circuit has long held are of "suspect reliability." Id. at 8-9 (quoting McGoffin v. Barnhart, 288 F.3d 1248, 1253 (10th Cir. 2002).

The court quotes the ALJ's entire discussion of Dr. Hough's examination and report:

> The claimant presented for another mental consultative examination with George Hough, Ph.D., in March 2010. After examination, Dr. Hough diagnosed the claimant with mood disorder and substance abuse and opined that the claimant could manage funds independently, but it was unlikely that she could engage in simple unskilled work at a competitive level due to pain (Exhibit 12F [(R. 385-90)]). The undersigned has give[n] the opinion of Dr. Hough some weight, but the bulk [of] his conclusions and restrictions are related to the claimant's self-reported physical pain and not mental issues.

(R. 17).

As the ALJ acknowledge, Dr. Hough provided a report of his consultative mental examination of Plaintiff on March 29, 2010. (R. 386-89). Here, the court summarizes Dr. Hough's report as it supports his opinion that Plaintiff cannot sustain adequate concentration for simple unskilled work. The court is aware that the report is not so one-sided as may appear merely from reading this summary. Dr. Hough recorded that he believed the results of his examination and report "are valid," that Plaintiff looked very tired and haggard when she arrived for her appointment, and that she stated that her pain during the examination was "A good 8." (R. 386). In assessing her activities of daily living he noted her report that on a typical day she feels "Pretty miserable," and that she "laments that she has always been very active and externally oriented," but that "is no longer possible." Id. In his discussion of Plaintiff's current mental status he noted, "Often she appeared to be looking with a kind of pleading look, as if to convey her sense of despair;" that her thought processes are "depressogenic," and convey a "sense of

despair;" that her "mood is depressive with restricted range and depth of affect;" and that she reported that she typically feels "Very depressed." (R. 387). He noted, "Energy is low, and she is anhedonic [(without pleasure)]." (R. 388). His primary diagnosis was "Mood Disorder, Secondary to Medical Problem (Degenerative Disk Disease - With Major Depression)." Id. He concluded his report by stating his "Opinion: The claimant can manage funds independently. At this juncture, it is unlikely that she could engage in simple unskilled work at competitive level and sustained effort or concentration or exertion due to pain." (R. 389).

In the face of this report, the ALJ discounted Dr. Hough's opinion for one reason alone--because "his conclusions and restrictions are related to the claimant's self-reported physical pain and not [to] mental issues." (R. 17). The evidence does not support this finding. The clear import of Dr. Hough's opinion is that Plaintiff has low energy, anhedonia, depression, and a sense of despair, all of which would (at least likely) prohibit the sustained effort, concentration, or exertion required by even simple, unskilled work at the competitive level. To be sure, these deficiencies result in large part from the pain caused by Plaintiff physical impairment of degenerative disc disease, but that does not make the restrictions any less mental, or any less within the competence of a psychologist to evaluate.

To the extent the ALJ was reasoning that a psychologist is unable to directly measure the severity of pain felt by a patient, the court notes that a medical doctor is at the same disadvantage. As a medical doctor must evaluate the extent of a patient's

limitations due to pain based upon his or her experience with the severity of the patient's physical condition, and based upon clinical evaluation of symptoms, signs, and laboratory findings in the particular case, so must a psychologist evaluate the extent of a patient's limitations in understanding and memory, in sustained concentration and persistence, in social interaction, and in adaptation based upon experience with the severity of the patient's mental presentation, and based upon clinical evaluation of the psychological symptoms, signs, and findings in the particular case. That is what Dr. Hough's report reveals he did in the case at hand. That Plaintiff's mental presentation and the psychological symptoms, signs, and findings are the result of pain caused by a physical impairment does not negate Dr. Hough's ability to evaluate them as a psychologist.

The court is aware of no authority, medical or legal which is to a different effect than discussed above, and neither the ALJ in his decision nor the Commissioner in her Brief cites to any such authority. Moreover, the American Psychiatric Association's publication, the Diagnostic and Statistical Manual of Mental Disorders, recognizes that mental disorders may include mental limitations resulting from general medical conditions, and specifically recognizes that such effects may include depression caused by pain resulting from a general medical condition. E.g., Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders (DSM-IV-TR) 401-05 (4th ed. text revision 2000) (Mood Disorder Due to a General Medical Condition).

As demonstrated above, the ALJ erred in the only reason given for discounting Dr. Hough's opinion. Therefore his weighing of that opinion, and his relative weighing of all

of the medical opinions cannot stand. Remand is necessary for the Commissioner to properly weigh Dr. Hough's opinion, and thereafter to evaluate the relative weight to be given all of the medical opinions in light of the proper evaluation of Dr. Hough's opinion. The court does not find that Dr. Hough's opinion must be given a particular amount of weight or that it must be accorded greater weight than any other opinion. It finds only that the opinion cannot be dismissed out of hand as an opinion beyond the expertise of a psychologist.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REVERSING the final decision of the Commissioner in this case and REMANDING for further proceedings consistent with this opinion.

Dated this 14th day of March 2013, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**